**NO. 23-4032**

In The

# United States Court Of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

## MITCHELL DANYELL BANKS,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO**

_____

**BRIEF OF APPELLANT**

_____

**George E. Crump, III**
LAW OFFICE OF GEORGE E. CRUMP, III
**801 East Broad Avenue**
**P. O. Box 1523**
**Rockingham, NC 28380**
**(910) 997-5544**
**crumplawoffice@yahoo.com**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................iv

STATEMENT OF JURISDICTION.....................................................1

STATEMENT OF THE ISSUES..........................................................1

STATEMENT OF THE CASE..............................................................2

1.    Douglas Driver, Government Witness ...........................................7

2.    Amanda Green, Government Witness ............................................7

3.    William Evans, Government Witness .............................................8

4.    James Winiarski, Government Witness ..........................................8

5.    Jennifer Jorgensen, Government Witness ......................................8

6.    Jonathan Gordon, Government Witness .........................................9

7.    Lisa Denise Davis, Government Witness .....................................10

8.    Tracy Crowther, Government Witness .........................................10

9.    Ronardo Goodman, Government Witness ....................................10

10.   Tina Walters, Government Witness..............................................11

11.   Eleina Sokolin, Government Witness...........................................12

12.   Paul Johnson, Government Witness .............................................13

13.   Dwayne James, Government Witness ..........................................13

SUMMARY OF THE ARGUMENT ..................................................14

ARGUMENT ....................................................................................16

I.      THE DISTRICT COURT ERRED IN DENYING BANKS
        MOTION TO SUPPRESS THE FEBRUARY 19, 2020
        SEARCH OF HIS RESIDENCE ......................................................16

        A.      Standard of Review..............................................................16

        B.      Search Warrant Affidavit......................................................16

        C.      Motion to Suppress Hearing ..................................................19

        D.      District Court's Order Denying Motion to Suppress
                February 19, 2020 search.......................................................20

        E. The District Court Erred as to First Prong of Murray ...................23

        F. The District Court erred as to the Second Prong of Murray...........24

II.     THE DISTRICT COURT ERRED IN DENYING BANKS
        MOTION TO SUPPRESS THE JANUARY 7, 2021 SEARCH
        OF HIS RESIDENCE ...................................................................26

        A.      Standard of Review..............................................................26

III.    THE DISTRICT COURT ERRED IN DENYING BANKS
        MOTION TO SUPPRESS THE SEPTEMBER 21, 2021
        SEARCH OF HIS RESIDENCE ......................................................28

        A.      Standard of Review..............................................................28

IV.     THE DISTRICT COURT ERRED IN ALLOWING EXPERT
        CHEMICAL ANALYSIS TESTIMONY AS TO
        CONTROLLED SUBSTANCES SEIZED DURING A
        JANUARY, 2017 SEARCH, WHICH CONTROLLED
        SUBSTANCES WERE SUBSEQUENTLY DESTROYED BY
        LAW ENFORCEMENT ................................................................30

        A.      Standard of Review..............................................................30

1.     Jonathan Gordon, Government Witness .........................31

2.     ADAM LEWIS, GOVERNMENT WITNESS .............32

V.     THE DISTRICT COURT ERRED IN DENYING BANKS'
FEDERAL RULE OF CRIMINAL PROCEDURE 29
MOTIONS FOR JUDGMENT OF ACQUITTAL AT THE
END OF THE GOVERNMENT'S EVIDENCE AND AT THE
END OF ALL EVIDENCE WITH REGARD TO ALL
COUNTS OF THE THIRD SUPERSEDING INDICTMENT ..........34

A.     Standard of Review ...................................................34

CONCLUSION ...........................................................................35

REQUEST FOR ORAL ARGUMENT ....................................36

CERTIFICATE OF COMPLIANCE........................................37

CERTIFICATE OF FILING AND SERVICE .........................38

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                      <u>Page(s)</u>

<u>Murray v. United States,</u>
    487 US 533 (1988)..................................................................15, 21, 23, 24

<u>Sgro v. United States,</u>
    287 US 206 (1932)..................................................................28

<u>United States v. Allen,</u>
    631 F. 3d 164 (4th Cir. 2011) .................................................29

<u>United States v. Hill,</u>
    776 F. 3d 243 (4th Cir. 2015) .................................................23, 23

<u>United States v. Jones,</u>
    952 F. 3d 153 (4th Cir. 2020) .................................................30

<u>United States v. Thompson,</u>
    972 F. 2d 344 (4th Cir. 1991) .................................................28

<u>United States v. Yengel,</u>
    711 F. 3d 392 (4th Cir. 2013) .................................................*passim*

## <u>STATUTES</u>

18 U.S.C. § 922 (g)(1)..............................................................3, 4

18 U.S.C. § 924 (a)(2)..............................................................3, 4

18 U.S.C. § 924 (c)(1)(A)(i) ......................................................3, 4

18 U.S.C. § 3231(a) ..................................................................1

18 U.S.C. § 3742(a) ..................................................................1

21 U.S.C. § 841(a)(1)................................................................3, 4

21 U.S.C. § 841(b)(1)(B) ...........................................................3

21 U.S.C. § 841(b)(1)(C) ...............................................................................3

21 U.S.C. § 846 .............................................................................................2

21 U.S.C. § 856(a)(1) ....................................................................................3

21 U.S.C. § 856(b) .........................................................................................3

28 U.S.C. § 1291 ...........................................................................................1

N.C.G.S. § 14-33(C)(1) ...............................................................................13

## **RULES**

Fed. R. Crim. P. 29......................................................................................26

Fed. R. Evid. P. 402 ....................................................................................25

Fed. R. Evid. P. 403 ....................................................................................25

## STATEMENT OF JURISDICTION

This is a direct appeal by Mitchell Danyell Banks from final judgment and sentence in the United States District Court for the Middle District of North Carolina before the Honorable William L. Osteen, Jr., United States District Court Judge.

Subject matter jurisdiction was conferred upon the United States District Court pursuant to, and in accordance with, 18 U.S.C. § 3231(a).

Subject matter jurisdiction is conferred upon the Fourth Circuit Court of Appeals pursuant to, and in accordance with, 18 U.S.C. § 3742(a), Title 28 U.S.C. § 1291.

Mitchell Banks was convicted of fourteen counts set forth in a third superseding indictment on June 16, 2022 following a four day jury trial.

Mitchell Banks gave premature Notice of Appeal of June 29, 2022.

Entry of Judgment in a criminal case was on January 20, 2023.

## STATEMENT OF THE ISSUES

I.   The District Court erred in denying Banks' motion to suppress the February 19, 2020 search of his residence.

II.  The District Court erred in denying Banks' motion to suppress the January 7, 2021 search of his residence.

III.    The District Court erred in denying Banks' motion to suppress the September 29, 2021 search of his residence.

IV.    The District Court erred in allowing expert chemical analysis testimony as to controlled substances seized during a January, 2017 search, which controlled substances were subsequently destroyed by law enforcement.

 V.    The District Court erred in denying Banks' Federal Rule 29 of Criminal Procedure Motions for Judgment of Acquittal at the end of the government's evidence and at the end of all evidence with regard to all counts of the Third Superseding Indictment.

## STATEMENT OF THE CASE

A six count Indictment was filed against Mitchell Banks on September 27, 2021 in the Middle District of North Carolina. (JA24)

An eight count Superseding Indictment was filed against Banks on October 25, 2021. (JA29)

A thirteen count Second Superseding Indictment was filed on December 13, 2021 which included a forfeiture allegation. (JA68)

A fourteen count Third Superseding Indictment was filed against Banks on February 22, 2022. (JA130)

Count One of the Third Superseding Indictment charges Banks with conspiracy to distribute cocaine base and cocaine hydrochloride from on or about January, 2017 to the present in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

Count Two charges Banks with possession with intent to distribute 28 grams or more of cocaine base on or about February 19, 2020 in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

Count Three charges Banks with possession with intent to distribute a quantity of cocaine hydrochloride on or about February 19, 2020 in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Count Four charges Banks with maintaining a residence for the purpose of distributing cocaine base and cocaine hydrochloride on or about February 19, 2020 in violation of 21 U.S.C. § 856(a)(1) and (b).

Count Five charges Banks with possession of a firearm in furtherance of drug trafficking crimes on or about February 19, 2020 in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Count Six charges Banks with possession of a firearm by a felon on or about February 19, 2020 in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Count Seven charges Banks with possession with intent to distribute a quantity of cocaine base on or about January 7, 2021 in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Count Eight charges Banks with maintaining a residence for the purpose of distributing cocaine base on or about January 7, 2021 in violation of 21 U.S.C. § 856(a)(1) and (b)

Count Nine charges Banks with possession of a firearm in furtherance of drug trafficking crimes on or about January 7, 2021 in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Count Ten charges Banks with possession of ammunition by a felon on or about January 7, 2021 in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Count Eleven charges Banks with possession with intent to distribute methamphetamine on or about September 29, 2021 in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Count Twelve charges Banks with possession with intent to distribute a quantity of cocaine base on or about September 29, 2021 in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Count Thirteen changes Banks with possession with intent to distribute a quantity of cocaine hydrochloride on or about September 29, 2021 in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Count Fourteen charges Banks with maintaining a residence for the purpose of distributing methamphetamine, cocaine base, and cocaine hydrochloride on or about September 29 , 2021 in violation of 21 U.S.C. § 856(a)(1) and (6).

The Third Superseding Indictment sets forth Information to Establish Prior Convictions with respect to Counts Three, Seven, Eleven, Twelve, and Thirteen.

The Third Superseding Indictment also contains a Forfeiture Allegation.

Banks filed Motion to Suppress (February 19, 2020 Search). (JA35). Banks filed Motion to Suppress (September 29, 2021 Search). (JA47). Banks filed Motion to Suppress January 7, 2021 Search. (JA164).

The District Court held Motion Hearing and Pretrial Conference on June 1, 2022. The District Court denied the Motion to Suppress the September, 2021 Search (JA47) and denied the Motion to Suppress the January 7, 2021 Search (JA164)

The District Court issued an Order on June 13, 2022 denying the Motion to Suppress the February 19, 2020 Search. (JA335).

Banks proceeded to a four day jury trial beginning on June 13, 2022 and ending on June 16, 2022.

As to Count Two, possession with intent to distribute 28 grams or more of cocaine base on or about February 19, 2020, the district court redacted the quantity of 28 grams or more prior to the submission of Count Two to the jury.

The jury returned a verdict on June 16, 2022 finding Banks guilty on all fourteen counts. (JA918)

The District Court sentenced Banks to a total term of 260 months imprisonment. (JA993)

The District Court sentenced Banks on the ten drug related counts, which were Counts 1, 2, 3, 4, 7, 8, 11, 12, 13 and 14 of the Third Superseding Indictment to a term of 140 months on each count to run concurrently. (JA993)

The District Court sentenced Banks on the count of possession of a firearm by felon and the count of felon in possession of ammunition, which were Counts 6 and 10 of the Third Superseding Indictment, to a term of 120 months in each count to run concurrently. (JA993)

The District Court sentenced Banks on the two counts of possession of a firearm in furtherance of a drug trafficking crime, which were Counts 5 and 9 of the Third Superseding Indictment, to a term of 60 months in each count to run consecutively to each other and to any other sentence imposed. (JA993)

The District Court imposed a term of supervised release of six (6) years as to Counts 1, 2, 3, 7, 11, 12 and 13 of the Third Superseding Indictment. The District Court imposed a term of supervised release of three (3) years as to Counts 4, 6, 8, 10 and 14 of the Third Superseding Indictment. The District Court imposed a term of supervised release of five (5) years as to Counts 5 and 9 of the Third Superseding Indictment. All terms of supervised release are to run concurrently. (JA993)

The District Court ordered Banks to pay a special assessment of $1400.00. (JA993)

Judgment in a Criminal Case was filed on January 20, 2023. (JA993)

Banks gave premature Notice of Appeal on June 29, 2022. (JA923)

The key evidence presented by the government as to each count of the Third Superseding Indictment is as follows:

## 1.    DOUGLAS DRIVER, GOVERNMENT WITNESS

Douglas Driver testified that he purchased a house in 2007 located at 2805 Cyrus Road. (JA387, JA388) Douglas leased this property to Banks by two lease agreements, one in 2011 and one in 2020. (JA389, JA390)

## 2.    AMANDA GREEN, GOVERNMENT WITNESS

Amanda Green testified that she has known Banks for about five years. She was at Banks' residence on February 19, 2020. (JA594, JA595) A car pulled up in Banks' driveway. Two females were in the car. Green left, walking down the road, Green heard screaming. (JA596) Green came back to Banks' house. Banks pulled a gun from a plastic bag. Banks ran outside. Green heard a gunshot. (JA596) Banks came back inside the house. Banks grabbed Green's foot. Green heard another gunshot. (JA597) Green told Banks that she was calling the police. Green called the police and then started walking home. (JA597)

### 3. WILLIAM EVANS, GOVERNMENT WITNESS

William Evans, Guilford County Sheriff's Department, was dispatched at 3:30 on February 19, 2020 to Cyrus Road about a suspicious subject armed with a gun operating a white Mercedes Benz who had just shot at two individuals. (JA619) Evans identified the driver as Banks sitting in the courtroom. (JA626)

### 4. JAMES WINIARSKI, GOVERNMENT WITNESS

James Winiarski, Guilford County Sheriff's Department, testified that on February 19, 2020 he participated in executing a search warrant. Winiarski found a well cover. Underneath the well cover were a Taurus 740 slim and a bunch of small baggies of a white powdery substance. (JA484)

### 5. JENNIFER JORGENSEN, GOVERNMENT WITNESS

Jennifer Jorgensen, Guilford County Sheriff's Department, responded to the execution of a search warrant at 2805 Cyrus Road in Greensboro. (JA494) She took photographs and collected evidence. (JA495) There were two spent shell casings and a live round. (JA499, JA501) Government's Exhibit 44 is a photograph of a Duke Energy statement addressed to Mitchell Banks, 2805 Cyrus Road. Greensboro. (JA503) Government Exhibits 64, 65, 66, and 67 contain the white substance that was in the small plastic bags inside Tupperware. (JA517)

### 6.    JONATHAN GORDON, GOVERNMENT WITNESS

Gordon drafted a search warrant application which search warrant was executed on January 7, 2021. (JA536) Gordon directed the execution of the January 7, 2021 search. (JA538)

Gordon identified Government's Exhibit 75 as 0.7 grams of crack cocaine. (JA539) Government's Exhibit 76 is a photograph depicting smaller bags of crack cocaine, a wallet, and a small bag of marijuana. (JA540) Government's exhibit 78 is $1400.00 in cash recovered from kitchen drawer. (JA539)

Government's Exhibit 80 is a black Ruger Hellcat .380 handgun found in a second kitchen drawer. Government's Exhibit 81 is 6 rounds, .380 caliber, inside the magazine within the gun. (JA543) Government Exhibit 85 through 88 are four sets of digital scales recovered from the search that date. (JA542) Government's exhibit 90 is a package of suspected cocaine recovered during the search. (JA547) Government's Exhibit 91 is a photograph which depicts a pill bottle found in a drawer with Mitchell Bank's name on it and the address of 2805 Cyrus Road, Greensboro, North Carolina. (JA548) Government Exhibit 94 is a photograph that depicts crack rocks on it. (JA548) Government's Exhibit 98 is 29 rounds of .380 caliber ammunition found in a drawer. (JA550)

### 7.    LISA DENISE DAVIS, GOVERNMENT WITNESS

Lisa Dennis Davis, Guilford County Sheriff's Department, is a crime scene investigator. (JA577). Davis received a lab request from Deputy Gordon to process evidence obtained from a January 7, 2021 search. (JA578) Davis identified government exhibits 85, 88, and 103 as being a DigiWeight scale, a black digital scale, and a Patron box. She attempted to take prints from these items. (JA579) Government Exhibit 5 are fingerprint cards. Government Exhibit 6 is a photocopy of the lifts she took from the Patron box. (JA581) These photographs go to the Latent Print Unit which does a comparison of prints to a suspect. (JA582)

### 8.    TRACY CROWTHER, GOVERNMENT WITNESS

Tracy Crowther, Guilford County Sheriff's Department, is a latent print examiner. (JA756) Crowther testified that the fingerprints and the palm prints on the Patron box were those of the defendant, Mitchell Banks. Crowther testified that the fingerprint left on the digital scale was from Banks. (JA762)

### 9.    RONARDO GOODMAN, GOVERNMENT WITNESS

Ronardo Goodman, Guilford County Sheriff's Office, testified that on September 29, 2021 he was conducting surveillance at 2805 Cyrus Road. (JA664, JA665) Goodman observed Banks arrive at the residence operating a black Cadillac.. he observed two vehicles conduct short stays, which is consistent with the sale of narcotics. (JA665) Goodman went to the magistrate and applied for a

search warrant. (JA666) Government exhibit 120 is a photograph depicting mail addressed to Banks at 2805 Cyrus Road and a scale, which in Goodman's opinion is consistent with the sale of narcotics. (JA669)

Government Exhibit 131 is a photograph of a trash can where narcotics were located. (JA683) There was an Arizona Tea can located inside the trash can and inside the Arizona Tea can was narcotics. (JA684) Government Exhibit 133 are the drugs that were located inside the Arizona Tea can, a baggie of cocaine and three bags of MDMA (JA685)

### 10.    TINA WALTERS, GOVERNMENT WITNESS

Tina Walters is a chemist for the Department of Homeland Security who analyzes samples for suspected controlled substances. (JA644) Walters examined samples from February 19, 2020 and January 7, 2021. Government Exhibit 64 contained cocaine hydrochloride. The gross weight received was 8.68 grams. (JA651, JA652) Government's exhibit 64 contained a trace amount of cocaine. The gross weight received contained 10.73 grams. (JA652) Government's Exhibit 66 contained a presence of cocaine hydrochloride. The gross weight received was 21.94 grams. (JA652, JA653) Government's exhibit 67 contained a presence of cocaine base. The gross weight received was 32.12 grams. (JA653)

Walters testified that Government Exhibit 75 contained cocaine base and a bit of levamisole. The gross weight of Government Exhibit 75 was 1.12 grams.

Levamisole is not a controlled substance but is a common cutting agent. (JA655).
Government's Exhibit 90 contained cocaine base and levamisole. The gross weight
was 5.63 grams. (JA655, JA656) Government Exhibits 102 and 104 contained 513
grams and 329.45 grams respectively of non controlled substances. In Walters
opinion these exhibits were cutting agents with the active ingredient in miralax,
which is a laxative. (JA656) Walters explained that the gross weight included the
innermost packaging that is closest to the sample. (JA670)

**11.    ELEINA SOKOLIN, GOVERNMENT WITNESS**

Eleina Sokolin, Department of Homeland Security Customs and Border
Protection Savannah Laboratories, is a forensic chemist. (JA699) Eleina Sokolin was
questioned as to Government Exhibits 126, 136, 137, and 138, which exhibits are from
a search on September 29, 2021. (JA701, JA702) Government Exhibit 126 contained
creatine, which is not a controlled substance. The initial weight of the sample is 264.99
grams. (JA703) Government Exhibit 136 contains cocaine base and procaine. The
weight was 14.66 grams. Net weight is material without the wrappings. (JA703)
Government Exhibit 137 contains methamphetamine, eutylone and caffeine. There are
24 pills having a net weight of 6.86 grams. Methamphetamine is a stimulant. It is a
controlled substance. (JA704) Eutylone is also a stimulant. Exhibit 138, contains
cocaine hydrochloride and procaine. Cocaine hydrochloride is a controlled substance.
Procaine is not a controlled substance. It is known as a cutting agent. (JA705)

## 12.    PAUL JOHNSON, GOVERNMENT WITNESS

Paul Johnson is a special agent with Alcohol Tobacco and firearms. (JA740) Government Exhibit 63 is a Taurus firearm manufactured in Brazil. (JA744) This firearm was test fired and did function as designed. (JA745) Government Exhibit 80 is IO Incorporated, model Hellcat. This Hellcat firearm was manufactured in North Carolina. (JA747) Government Exhibit 40 is one round of Seller and Bellot .40 caliber ammunition. It was manufactured in the Czech Republic. (JA748) Government Exhibit 41 is Federal ammunition, .40 caliber Smith and Wesson. It was manufactured in Minnesota. Government Exhibit 42 is one round of Federal Ammunition, .40 caliber. It was made in Minnesota. (JA748) Government Exhibit 81 of .380 caliber ammunition, Remington, made in Arkansas. (JA749) Government Exhibit 98 is 29 rounds of CC1 Cascade Cartridge Incorporated .380 caliber ammunition, made in Idaho. (JA749)

## 13.    DWAYNE JAMES, GOVERNMENT WITNESS

Dwayne James, Greensboro Police Department, testified that he has worked in the Vice Narcotics Division for approximately 20 years. James testified that as to the February 19, 2020 case, he reviewed the case. James expressed the opinion that the amount of drugs involved in the February 19, 2020 case was distribution amounts. (JA774, JA775) James testified that he had reviewed the September 29, 2021 case. In James' opinion, these were distribution amounts of cocaine. (JA779).

13

James testified that he reviewed the case of January 22, 2017. In James' opinion these are distribution amounts of narcotics. (JA780)

## SUMMARY OF THE ARGUMENT

The Third Superseding Indictment sets forth fourteen (14) counts with respect to four (4) relevant times.

A drug conspiracy is alleged between January 2017 to the present in Count One.

Drug and firearms charges are alleged on or about February 19, 2020 in Counts Two, Three, Four, Five and Six.

Drug and firearm charges are alleged on or about January 7, 2021 in Counts Seven, Eight, Nine, and Ten.

Drug charges are alleged on or about September 29, 2021 in Counts Eleven, Twelve, Thirteen, and Fourteen.

Banks made motions to suppress the searches of his residence on February 19, 2020, January 7, 2021, and September 29, 2021.

On February 19, 2020 law enforcement responded to a call that an armed man had shot at two females and was driving a white Mercedes. Law enforcement arrived at Banks' residence located at 2805 Cyrus Road in Greensboro, North Carolina. They entered the residence observing two spent shell casings, and evidence of illegal drugs. The district court found the entry into the residence as

14

not constituting an emergency aid exception to the Fourth Amendment and therefore, the entry was unconstitutional.

The officer later obtained a search warrant. The district court allowed the evidence gathered from the February 19, 2020 search warrant to be introduced as independent source evidence.

Banks argues that the district court erred in applying both prongs of the independent source rule under Murray v. United States,487 US 533 (1988).

First, absent discovery of ammunition and evidence of drug activity during the unconstitutional entry, the officers would not have sought a search warrant and second, that absent the tainted evidence, there was insufficient evidence for the magistrate to find probable cause to search.

Banks argues that as to the January 7, 2021 search of his residence, the evidence on which the search warrant application is based was too stale for a finding of probable cause.

Banks argues that as to the September 29, 2021 search of his residence that the odor of marijuana coming from his residence is not sufficient for a finding of probable cause due to the legalization of hemp and the indistinguishable smells of hemp and marijuana.

As to the search of Banks' residence on January 22, 2017, there was a destruction of suspected cocaine following a state court conviction. Banks argues

that the district court erred in allowing an expert forensic chemist to testify as to the chemical composition of the destroyed suspected cocaine both on grounds of relevance and undue prejudice.

Banks argues that absent all of the above inadmissible evidence, there was insufficient evidence as to all fourteen counts of the Third Superseding Indictment.

## ARGUMENT

**I.    THE DISTRICT COURT ERRED IN DENYING BANKS MOTION TO SUPPRESS THE FEBRUARY 19, 2020 SEARCH OF HIS RESIDENCE.**

### A.    STANDARD OF REVIEW

The Fourth Circuit Court of Appeals reviews the district court's factual findings for clear error and its legal conclusions de novo United States v. Yengel, 711 F. 3d 392, 396 (4th Cir. 2013)

### B.    SEARCH WARRANT AFFIDAVIT

Detective J.G. Robertson, Guilford County Sheriff's Department, on the morning of February 19, 2020 at 9:30 a.m. applied for a search warrant based on probable cause to believe that evidence of a crime may be found at 2805 Cyrus Road, Greensboro, NC 28406. (JA42)

The crime alleged was the misdemeanor offense of assault with a deadly weapon in violation of N.C.G.S. § 14-33(C)(1).

16

North Carolina punishes assault with a deadly weapon as a Class A1 misdemeanor.

"Unless the conduct is covered under some other provision of law providing greater punishment, any person who commits any assault, assault and battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he or she: (1) inflicts serious injury upon another person or uses a deadly weapon; …." N.C.G.S. § 14-33(C)(1).

Detective J.G. Robertson sworn to the following facts in his search warrant affidavit: (JA45)

1. On February 19, 2020 at 3:33 am the Guilford County Sheriff's Department responded to a call that an armed male discharged a firearm at two unknown victims. The armed male was driving a white Mercedes on Cyrus Road. (JA45)

2. Deputy Evans located the vehicle and attempted to stop the vehicle. A chase ensued. The driver, Mitchell Banks, fled the vehicle on foot. A physical exchange between Deputy Evans and Banks occurred. Banks was handcuffed by Deputy Evans. (JA45)

3. Deputies Harris and Cook responded to 2805 Cyrus Road to do a safety check for injured persons. They noticed gold jewelry in the driveway where an obvious struggle had taken place. No one answered at the residence. They looked

17

through a window and observed signs of a struggle. A bullet hole was near the front window. The deputies forced open the door to make sure no victims were inside. (JA45)

4. The deputies observed in plain sight two spent shell casings inside the residence. There was a set of digital scales and baggies suggesting drug sales. No victims were in the residence. A neighbor said he heard yelling and 3 shots earlier. (JA45)

5. The complainant, Amanda Green, was later located at 300 Avalon Rd. Apartment H. through a search of data bases using the cell phone number which she had called 911. She stated that she and Banks had been at his residence on Cyrus Road when Banks got upset at Green. Green witnessed two women come to the residence. Banks became upset, walked outside, and assaulted one of the females. Green attempted to stop the assault. Banks then assaulted Green by choking Green. (JA45)

6. Banks retrieved a black handgun from a plastic bag and shot at the unknown female in the front yard. Green did not believe the female was struck. Banks then shot at Green inside the residence. This was consistent with the spent shell casing located in the living room. (JA45)

Detective Robertson described items to be seized as including 1) photographs, blood, hair, fibers, DNA, firearms, bullets 2) computers, cell phones,

3) evidence of dominion and control of premises such as telephone bills, utility statements 4) drugs, drug paraphernalia, and cash associated with the sale of illegal drugs. (JA42)

The Magistrate issued the search warrant in accordance with the application on February 19, 2020 at 9:30 am. The search warrant was executed on February 19, 2020 at 10:00 am. (JA40)

### C.     MOTION TO SUPPRESS HEARING

Banks filed a Motion to Suppress the evidence obtained pursuant to the February 19, 2020 search warrant. (JA35)

A hearing on Banks motions to suppress was held on June 7, 2022

### 1.     <u>MITCHELL DANYELL BANKS, DEFENDANT</u>

Banks testified that on February 19, 2020 he was living at 2805 Cyrus Road. Amanda Green came to his house that evening. Banks did not assault Amanda Green that evening. Banks did not assault two other females that night. Banks did not fire a gun at anyone on February 19, 2020 while on his property. Banks did not have a firearm in his house or on his person on February 19, 2020. Banks did not assault anyone on February 19, 2020. (JA248)

Banks responded to the district court that he thought he had either pled guilty or had been found guilty of three prior felonies. (JA251)

Banks presented no further evidence at the motions hearings. The government informed the Court that all searches were warrants. It did not intend to call any witnesses. (JA247)

The district court heard arguments of counsel. The district court allowed counsel to file supplemental briefs as to the February 19, 2020 search. (JA279)

**D.      DISTRICT COURT'S ORDER DENYING MOTION TO SUPPRESS FEBRUARY 19, 2020 SEARCH.**

The district court in a written order concluded that the February 19, 2020 entry into the home at 2805 Cyrus Road without a warrant was not constitutionally permissible under the emergency aid exception. (JA336)

There was insufficient evidence linking the 2805 Cyrus Road home to the 911 call. (JA336)

The 911 call at 3:30 am describes an armed male driving a white Mercedes who had fired a firearm at two unknown victims. (JA336, JA337)

There was no evidence presented as to the location of the shooting. (JA337)

The district court found that the search warrant application presented facts which suggested some suspicious activity occurred outside the home, the facts were insufficient to support an objectively reasonable belief that the inside of the home should be checked for a person with a serious injury or in danger. (JA337, JA338).

The district court found that the majority of facts set forth in the search warrant application pointed to activity occurring outside the residence. (JA339).

The district court concluded that the absence of the emergency aid exception did not invalidate the warrant because of the independent source doctrine articulated in <u>Murray v. United States,</u> 487 U.S. 533, 544 (1988). (JA339)

The district court stated in its order the two prongs to the independent source doctrine citing <u>Murray v. United States</u>, 487 U.S. 533 (1988) and <u>United States v. Hill</u>, 776 F. 3d 243 (4th Cir. 2015). The two prongs of the independent source rule are 1) the unlawful search must not have affected the officer's decision to seek a search warrant and 2) the unlawful search must not have affected the magistrate's decision to issue the search warrant. (JA340)

The district court stated that there is ample evidence that law enforcement would has sought a search warrant for 2805 Cyrus Road absent the officers unlawful entry into the house. (JA340).

The district court found that the first prong of the <u>Murray</u> analysis was satisfied (JA341)

With regard to the second prong of <u>Murray</u>, the district court stated that the search warrant is valid if after excising evidence unconstitutionally obtained from the search warrant application, the untainted allegations support probable cause for the magistrate to issue the warrant. (JA342, JA343)

21

The matters to be excised from the search warrant affidavit are the two spent shell casings in the living room and a set of digital scales and baggies which suggested drug sales. (JA45)

The district court excised all of the above information orally at the June 7, 2022 motions hearing but did not excise the two spent shell casings found inside the residence in its written Order dated June 12, 2022. (JA342)

The district court stated in the written Order dated June 12, 2022: "Probable cause was established by signs of a struggle outside 2805 Cyrus Road, shell casings observed through the window, a bullet hole in the front of the house, a neighbor's report of gunfire and shouting, a 911 call describing an apparent assault, and the statements from Amanda Green." (JA343)

But the shell casings were not observed through the window. The shell casings were observed only after law enforcement unconstitutionally entered the residence. (JA45)

The district court held that any drug evidence in plain view of the officers when the search warrant was executed was constitutionally obtained. (JA344)

The district court denied the motion to suppress "...as to those items seized as a result of the warrant as upheld and other incriminating items found in plain view.". The district court granted the motion to suppress as to any drug or drug related items not found in plain view. (JA345)

22

**E.    THE DISTRICT COURT ERRED AS TO THE FIRST PRONG OF <u>MURRAY</u>.**

The Fourth Circuit Court of Appeals affirmed the two prong test of <u>Murray</u> which is necessary to allow for otherwise unconstitutionally seized evidence to be introduced into evidence pursuant to a later search warrant as an independent source of the evidence. In order to find the later search with a warrant to be genuinely independent, the unconstitutional search must not have affected 1) the officer's decision to seek a search warrant or 2) the magistrate's decision to issue a search warrant. <u>United States v. Hill</u>, 776 F. 3d 243, at 251 (4th Cir. 2015)

"The ultimate question, therefore, is whether the search pursuant to warrant was in fact a genuinely independent source of the information and tangible evidence at issue here" <u>Murray</u>, supra, at 542.

The application of a search warrant by Det. Robertson of the house located at 2805 Cyrus Road fails the first prong of the two part Murray test.

The district court concluded that "There is ample evidence here that law enforcement would have sought a search warrant for the house in question absent the officers' unconstitutional entry into 2805 Cyrus Road." (JA340)

Banks asserts that the evidence is insufficient that law enforcement would have sought a search warrant of the residence at 2805 Cyrus Road absent the prior unconstitutional search.

Absent the prior unconstitutional search, officers have no evidence of illegal activity inside the residence. The officers have no spent shell casings, no bullets, and no evidence of drug activity.

As the district court correctly states the majority of facts set forth in the search warrant application pointed to activity occurring outside the residence. (JA339)

Officers are investigating a misdemeanor offense under North Carolina law.

There is no reason for law enforcement to apply for a search warrant to complete its investigation of a misdemeanor offense.

All that law enforcement had to do to complete its investigation of this misdemeanor assault with a deadly weapon offense was to escort the victim, Amanda Green, to the magistrate's office once they identified and located Amanda Green as witness.

The reason that law enforcement sought a search warrant was because the unconstitutional search revealed the presence of illegal drug activity.

## F.    THE DISTRICT COURT ERRED AS TO THE SECOND PRONG OF <u>MURRAY</u>

The district court erred as to the second prong of <u>Murray</u>. Once the district court excises all information illegally gained by law enforcement from the search warrant application, which is the spent shell casings and evidence of illegal drug activity, there is not probable cause that evidence of a crime will be found in the house.

24

With excision, here is the information presented to a magistrate:

1. Deputies respond to a call that an armed man discharged a firearm at two unknown victims. The armed man was driving a white Mercedes on Cyrus Road.

2. Deputy Evans locates the vehicle. The driver flees. Banks is arrested after a struggle wherein Banks strikes the deputy.

3. Deputies respond to 2805 Cyrus Road. They notice jewelry in driveway, evidence of a struggle, a bullet hole near front window. They looked through a window and saw evidence of a struggle.

4. A neighbor heard yelling and heard three shots fired prior to the officers' arrival.

5. Amanda Green, the witness, observed Banks assault two women. Banks assaulted Green by choking Green.

6. Banks retrieved a black hand gun from a bag and shot at a female in the front yard. Banks shot at Green inside the residence.

There is insufficient evidence for a magistrate to issue a search warrant to search 2805 Cyrus Road for weapons based solely on Green's statement that Banks shot at her inside the residence.

Absent the prior unconstitutional search, this was a misdemeanor case. The evidence of illegal drug activity obtained by law enforcement from the unconstitutional search affected the magistrate's decision to issue the search warrant.

## II.   THE DISTRICT COURT ERRED IN DENYING BANKS MOTION TO SUPPRESS THE JANUARY 7, 2021 SEARCH OF HIS RESIDENCE.

### A.   STANDARD OF REVIEW

The Fourth Circuit Court of Appeals reviews the district court's factual findings for clear error and its legal conclusions de novo. United States v. Yengel, 711 F. 3d 392, 396 (4th Cir. 2013)

Deputy J. Gordon of the Guilford County Sheriff's Department applied for a search warrant on January 6, 2021 to search the person of Mitchell Banks and the residence of Mitchell Banks located at 2805 Cyrus Road in Greensboro, North Carolina.

Deputy J. Gordon affirmed to facts in his affidavit that:

A confidential source stated that Mitchell Banks was engaged in illegal gun and narcotics activity at this location. (JA181) Mitchell Banks has a criminal history associated with illegal drugs. (JA182)

The deputy observed what appeared to be drug activity at the residence on November 6, and 7, 2020. (JA182)

A confidential reliable informant stated that he had purchased narcotics from Banks at this location numerous times in the last month. (JA183)

26

In the last month a vehicle stop was made of a vehicle leaving the residence. Narcotics were located in the vehicle. The occupants stated the narcotics came from a man named Mitchell at the residence. (JA183)

In the last 7 days, a controlled purchase of narcotics using a confidential reliable informant was made from Banks at the residence. (JA184)

A North Carolina Superior Court Judge issued on January 6, 2020 at 10:30 am the search warrant for Banks' person and residence. A search was executed on January 7, 2020 at 6:15 am.

Banks filed a Motion to Suppress all evidence obtained as a result of the search. (JA164)

The district court denied the Motion to Suppress at a hearing on June 7, 2022. (JA314)

The evidence in the affidavit to establish probable cause falls into 3 categories: 1) Banks criminal record involving drugs 2) Drug activity involving Banks and the residence within the last month or earlier 3) Drug activity involving Banks and the residence within the last 7 days.

The drug activity within the last month or earlier must be stricken due to staleness.

The issue is whether allegation of drug activity involving Banks at his residence within seven days, coupled with Banks' criminal history, is sufficient to support probable cause.

The affidavit in support of a search warrant must allege criminal activity occurring close to the time of issuance of a search warrant to support probable cause. Sgro v. United States, 287 US 206, 210 (1932) Probable cause can become stale if sufficient time passes between the time of the alleged crime and the issuance of the search warrant. United States v. Thompson, 972 F. 2d 344 (4th Cir. 1991) A period of less than 72 hours in Thompson between the observance of drug activity and the issuance of the search warrant did not constitute staleness. Id.at

Narcotics and illegal drugs often have a very short possessory period. Banks argues that a seven day old period of incriminating evidence is too stale to support the issuance of the warrant.

## III.   THE DISTRICT COURT ERRED IN DENYING BANKS MOTION TO SUPPRESS THE SEPTEMBER 21, 2021 SEARCH OF HIS RESIDENCE.

### A.    STANDARD OF REVIEW

The Fourth Circuit Court of Appeals reviews the district court's factual findings for clear error and its legal conclusions de novo. United States v. Yengel, 711 F. 3d 392, 396 (4th Cir. 2013)

28

Deputy R. Goodman of the Guilford County Sheriff's Department applied on September 29, 2021 for a search warrant of Banks located at 2805 Cyrus Road, Greensboro, North Carolina.

The facts affirmed to by Deputy Goodman in his affidavit are as follows:

Deputies on September 29, 2021 went to Banks' residence to serve an arrest warrant on Banks. Deputies on September 29, 2021 observed two vehicles arrive at the Banks residence and stay for less than 5 minutes. Deputies could smell a strong odor of marijuana from inside the residence. Banks has a criminal history of illegal drug activity. Banks had been arrested on January 7, 2021 for illegal drug activity.

A state magistrate judge issued the search warrant on September 29, 2021 at 7:34 pm. (JA54)

Banks made a motion to suppress all evidence seized pursuant to the September 29, 2021 search warrant. (JA47)

The district court denied the motion to suppress evidence seized under the September 29, 2021 search warrant at a motions hearing on June 7, 2022. (JA317)

The judicial official must make a probable cause assessment whether, based on the facts set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in the placed to be searched. United States v. Allen, 631 F. 3d. 164, 173 (4th Cir. 2011)

29

The criminal history of drug involvement standing alone is insufficient for probable cause.

The observation of two vehicles staying briefing at the residence is an insufficient level of activity to infer drug activity.

The issue is whether the smell of marijuana is a sufficient basis for probable cause to search the residence.

The Fourth Circuit has answered this issue affirmatively that the smell of marijuana coming from a residence is sufficient probable cause to support a search warrant. United States v. Jones, 952 F. 3d 153 (4th Cir. 2020)

Banks requests the Fourth Circuit Court of Appeals to revisit the issue since industrial hemp is legal and arguably the smell of legal hemp and illegal marijuana are indistinguishable.(JA55)

**IV.    THE DISTRICT COURT ERRED IN ALLOWING EXPERT CHEMICAL ANALYSIS TESTIMONY AS TO CONTROLLED SUBSTANCES SEIZED DURING A JANUARY, 2017 SEARCH, WHICH CONTROLLED SUBSTANCES WERE SUBSEQUENTLY DESTROYED BY LAW ENFORCEMENT.**

**A.    STANDARD OF REVIEW**

The Fourth Circuit Court of Appeals reviews the district court's factual findings for clear error and its legal conclusions de novo. United States v. Yengel, 711 F. 3d 392, 396 (4th Cir. 2013)

### 1. JONATHAN GORDON, GOVERNMENT WITNESS

Jonathan Gordon, Randolph County Sheriff's Department, testified that he had worked prior for the Guilford County Sheriff's Department. (JA535).

Gordon assisted in the execution of a search warrant that occurred on January 22, 2017 at 2805 Cyrus Road. (JA562) The bathroom toilet lid was opened during the January 22, 2017 search. Narcotics were located inside the toilet. (JA562) Government Exhibit 150 is a photograph depicting Tupperware taken from the toilet with narcotics inside. Government Exhibits 151 and 152 are photographs depicting suspected crack cocaine and powder cocaine. (JA564) Government Exhibit 153 is the property sheet for the January 22, 2017 case. (JA565)

The government brought it to the district court's attention that the suspected crack cocaine and powder cocaine seized in the January 22, 2017 search were destroyed following Banks' conviction in state court. (JA723)

The government sought to elicit expert testimony from Adam Lewis as to the chemical composition of the destroyed evidence. (JA723)

Banks objected to analysis of this destroyed evidence.(JA724)

The district court reasoned that testimony about the destroyed evidence goes to the weight of the evidence rather than a foundation. (JA728). The district court allowed Lewis to testify. (JA729)

31

## 2.     ADAM LEWIS, GOVERNMENT WITNESS

Adam Lewis, North Carolina State Crime Laboratory, is a forensic scientist. (JA732)

Adam Lewis testified that he had seen Government Exhibit 153, a property log from a 2017 drug case. (JA734)

Government Exhibit 154 is a laboratory report summary that Lewis produced for this case. (JA734) There are three items of evidence on the log. Number 3537817 is Item 1. Number 3637817 is Item 2. Number 3737817 is Item 3. Lewis is confident that he tested the items that were submitted as a result of this log. (JA735, JA736) Item 1 was cocaine hydrochloride. The net weight of Item 1 was 27.88 grams, plus or minus 0.02 grams. Item 2 was cocaine base, known as crack cocaine. The net weight of Item 2 was 11.20 grams plus or minus 0.02 grams. (JA736) Lewis did not test Item 3. (JA737)

Banks argues that testimony by expert witness Adam Lewis as to the chemical composition of destroyed evidence seized in a January, 2017 search of Banks' residence was inadmissible both on grounds of relevance and prejudice.

Destroyed evidence is irrelevant. Destroyed evidence does not prove any fact. "Irrelevant evidence is not admissible." Federal Rule of Evidence 402.

The district court sent to the jury for its deliberations all exhibits which had been received into evidence. (JA902)

32

The district sent to the jury the drugs seized during the February 19, 2020 search; the drugs seized during the January 7, 2021 search; and the drugs seized during the September 29, 2021 search.

The district court could not send to the jury the suspected drugs seized in the January 22, 2017 search because these suspected drugs had been destroyed.

The district court did send the exhibit photographs of the January, 2021 suspected drugs.

Federal Rule of Evidence 403 provides "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, delay, wasting time, or needlessly presenting cumulative evidence."

Banks argues that sending the jury actual drugs as to the February 19, 2020 search, the January 7, 2021 search, and the September 29, 2021 search but sending only photographs of suspected drugs as to the January 22, 2017 search was tantamount to instructing the jury that there was a presumption that the suspected drugs from January 22, 2017 search were in fact drugs. It was unduly prejudicial to effect inform the jury that it was unnecessary for the jury to examine the suspected drugs from 2017.

33

**V.    THE DISTRICT COURT ERRED IN DENYING BANKS' FEDERAL RULE OF CRIMINAL PROCEDURE 29 MOTIONS FOR JUDGMENT OF ACQUITTAL AT THE END OF THE GOVERNMENT'S EVIDENCE AND AT THE END OF ALL EVIDENCE WITH REGARD TO ALL COUNTS OF THE THIRD SUPERSEDING INDICTMENT.**

**A.    STANDARD OF REVIEW**

The Fourth Circuit Court of Appeals reviews the district court's factual findings for clear error and its legal conclusions de novo. United States v. Yengel, 711 F.3d. 392, 396 (4th Cir. 2013)

The Third Superseding Indictment sets forth fourteen (14) counts with respect to four (4) relevant times.

A drug conspiracy is alleged between January 2017 to the present in Count One.

Drug and firearms charges are alleged on or about February 19, 2020 in Counts Two, Three, Four, Five and Six.

Drug and firearm charges are alleged on or about January 7, 2021 in Counts Seven, Eight, Nine, and Ten.

Drug charges are alleged on or about September 29, 2021 in Counts Eleven, Twelve, Thirteen, and Fourteen.

Absent the district court's errors in denying Banks' Motions to suppress the February 19, 2020 search of his residence, the January 7, 2021 search of his residence, the September 29, 2021 search of his residence, and the district court's

34

error in allowing expert chemical analysis of destroyed controlled substances seized during the January 22, 2017 search of his residence, there would be no admissible evidence as to illegal drugs and no identification of any firearms and ammunition necessary to establish all of of the elements of the 14 counts of the Third Superseding Indictment.

Banks made a Rule 29 Motion for Judgment of Acquittal at the end of the government's case. (JA850)

The district court denied the motion as to Count One Object Two and the remaining counts of the Third Superseding Indictment. (JA856)

Banks renewed his Rule 29 Motion for Judgment of Acquittal after all the evidence. (JA859, JA907)

The district court erred in denying Banks' Motions for Judgment of Acquittal based on the district court's errors in not granting Bank's suppression motions and error in allowing expert forensic chemistry testimony as to destroyed evidence.

## **CONCLUSION**

Banks seeks that the Fourth Circuit Court of Appeals find that district erred in denying his motions to suppress evidence seized in three separate searches of his residence on February 19, 2020; January 7, 2021; and September 29, 2021.

Banks seeks that the Fourth Circuit Court of Appeals find that the district court erred in allowing expert chemical analysis testimony of crucial drug evidence that had been destroyed.

Banks seeks that the Fourth Circuit Court of Appeals to vacate his judgment and sentence and to dismiss all fourteen counts of the Third Superseding Indictment against him based on the insufficiency of the government's evidence against him absent the above errors.

## REQUEST FOR ORAL ARGUMENT

Banks requests oral argument before the Fourth Circuit Court of Appeals.

Respectfully submitted,

 /s/ George E. Crump, III
George E. Crump, III
Attorney at Law   N.C.S.B. # 7676
PO Box 1523
Rockingham, NC 28380
(910) 997-5544
georgecrump@bellsouth.net
Attorney for the Appellant,
Mitchell Danyell Banks

## <u>CERTIFICATE OF COMPLIANCE</u>

1.  This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    this document contains <u>7,309 </u>words.

2.  This document complies with the typeface requirements because:

    this document has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14-point Times New Roman</u>.


    <u>/s/ George E. Crump, III</u>
    *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 4th day of August, 2023, I caused this Brief of

Appellant and Joint Appendix to be filed electronically with the Clerk of Court

using the CM/ECF System, which will send notice of such filing to the following

registered CM/ECF users:

> Morgan Reece
> Assistant United States Attorney
> Office of the U.S. Attorney
> 101 South Edgewood Street
> Greensboro, NC 27401
> (336) 333-5351
>
> *Counsel for Appellee*

I further certify that on this day, I caused the required copy of the Sealed

Volume of the Joint Appendix to be served, via UPS Ground Transportation, upon

counsel for the Appellee, at the above address.

/s/ George E. Crump, III
*Counsel for Appellant*